Filed 9/16/25  P. v. Williams CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MALI WENDELL WILLIAMS,<br><br>    Defendant and Appellant. | H051663<br>(Monterey County<br>Super. Ct. No. 18CR008589)<br><br>ORDER MODIFYING OPINION,<br>DENYING PETITION FOR<br>REHEARING;<br>NO CHANGE IN JUDGMENT |

BY THE COURT:

It is ordered that the opinion filed herein on August 26, 2025, be modified as follows:

On page 10, the second full paragraph shall now read:

"Williams argues that because he clearly expressed his request for new counsel at the April 19, 2023 hearing, the trial court was obligated to conduct a *Marsden* hearing immediately and erred in not doing so. However, Williams cites no authority, nor are we aware of any, that states that a *Marsden* hearing must be held the moment after a defendant makes a formal *Marsden* motion. The record clearly reflects that Williams expressed his concerns with counsel on April 19, 2023, and after he reiterated many of the same concerns at the very next hearing at which he personally appeared on July 21, 2023, the trial court confirmed that Williams was making a formal *Marsden* motion and held a hearing. Further, on September 26, 2023, immediately prior to the court trial on Williams's case, the court held another *Marsden* hearing which was also denied. As a

result, Williams had two separate opportunities prior to trial to address the concerns he raised at the April 19, 2023 hearing regarding his representation. Accordingly, we find no merit to Williams's claim regarding the April 19, 2023 proceedings."

There is no change in the judgment.  The petition for rehearing is denied.

_____
                    Wilson, J.


WE CONCUR:




_____
          Danner, Acting P. J.






_____
          Rodriguez, J.[1]






*People v. Williams*
H051663

---

[1] Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution

Filed 8/26/25  P. v. Williams CA6 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MALI WENDELL WILLIAMS,<br><br>    Defendant and Appellant. | H051663<br>(Monterey County<br>Super. Ct. No. 18CR008589) |

In 2023, following a court trial, defendant Mali Wendell Williams was found guilty of felony assault by a state prisoner.  The trial court also found true that Williams had suffered a prior strike conviction, as well as special allegations that: the offense displayed a high degree of cruelty, viciousness, or callousness; Williams had numerous prior convictions of increasing seriousness; and Williams had engaged in violent conduct indicating a serious danger to society.  The trial court subsequently sentenced Williams to a total term of eight years in prison.

On appeal, Williams argues that the court erred in failing to hold *Marsden*[1] hearings in response to his multiple requests to substitute his court-appointed counsel. Williams further claims that the trial court erred in allowing him to litigate his motion to dismiss without the assistance of counsel or inquiring into why counsel was not advocating on his behalf.[2]

_____

[1] *People v. Marsden* (1970) 2 Cal.3d 118, 123–126 (*Marsden*).

[2] In his opening brief, Williams also contended that the trial court erred in not imposing a single aggregate term on all of his cases and failed to properly calculate his

For the reasons explained below, we find no error and affirm the judgment in full.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   *Factual Background*

#### 1.  *Prosecution's Case*

On July 1, 2018, Correctional Officer Rogelio Lopez Jr. was working as the yard officer for the Salinas Valley State Prison when he observed an inmate, D.R.[3], fall to the ground approximately 25 yards away.  Lopez then observed Williams, who was also an inmate at the prison, crouch down next to D.R. and strike him in the head with closed fists.  Lopez instructed Williams to stop, but he did not do so and continued to strike D.R. in the facial area.  Lopez also observed that D.R. was motionless and not fighting back or moving at the time.

Lopez instructed the observational officer to order all the inmates in the yard to sit down, but Williams did not comply.  Lopez and other officers then approached Williams in a tactical formation and ordered him to get down.  Williams momentarily backed away, then ran back towards D.R. and struck him again in the head.  Williams then stood up, stomped on D.R.'s head, and kicked him.  Upon approaching D.R., Lopez observed that he was convulsing and nonresponsive, with blood in his mouth and nose.  Lopez indicated that D.R. remained nonresponsive for approximately three to four minutes.

On cross-examination, Lopez confirmed that he only observed the incident from when he saw D.R. falling, and did not see if a fight had been going on before that or which inmate had initiated the interaction.

---

custody credits.  However, in his reply brief, Williams indicated that he was withdrawing these claims.

[3] We refer to the victim in the proceedings by his initials only to protect personal privacy interests pursuant to California Rules of Court, rules 8.90 (b)(10).

## 2. *Defense's Case*

Williams, who testified in his own defense, indicated that D.R. was his former cellmate and had approached him in the yard on July 1, 2018, while he (Williams) was working out. Williams stated that D.R. was acting very hostile towards him and was mad that they were no longer cellmates. D.R. then took a "swing" at Williams, causing Williams to fall down on one knee. Williams then got up and began defending himself by hitting D.R., then hit D.R. again after he fell to the floor. Williams testified that once he realized D.R. was unconscious and not fighting back, he walked away.

Williams admitted to running back over to D.R. and hitting him again but claimed that he only did this to try to wake D.R. up. Williams further denied kicking D.R. or stomping on his head. Williams testified that he was "provoked" and "shocked" by the incident, and did not regret defending himself, but regretted not "catching" himself.

## B. *Charges, Court Trial, and Sentence*

On September 26, 2023, the Monterey County District Attorney's Office filed a first amended information[4] charging Williams with felony assault by a state prisoner (Pen. Code,[5] § 4501, subd. (b); count one). The information also alleged the following enhancements: (1) in the commission of the assault, Williams had personally inflicted great bodily injury upon the victim, D.R. (§ 12022.7, subd. (a)); (2) Williams had previously been convicted of a serious or violent felony as a juvenile offender (§ 1170.12, subd. (c)(1)); and (3) Williams had been previously convicted of two prior serious or violent felonies (§ 1170.12, subd. (c)(2)(C)(iii).) The information further alleged the following aggravating factors: (1) the offense involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness (Cal. Rules of Court, rule 4.421(a)(1); (2) Williams had prior convictions

---

[4] The initial complaint was filed in 2018.

[5] Undesignated statutory references are to the Penal Code.

3

as an adult and juvenile were numerous and of increasing seriousness (Cal. Rules of Court, rule 4.421(b)(2): and (3) Williams had engaged in violent conduct that indicated a serious danger to society (Cal Rules of Court, rule 4.421(b)(1).)

On January 21, 2022, the parties waived a jury trial and agreed to proceed by court trial. The parties also agreed that in exchange for waiving a jury trial, the People would dismiss the great bodily injury enhancement, and Williams's total sentence would not exceed 12 years.

On September 26, 2023, the trial court conducted a court trial and heard evidence from both the prosecution and the defense. At the conclusion of evidence, the trial court found Williams guilty of felony assault by a state prisoner (count one). The court also found true one of the prior serious or violent felony enhancements under section 1170.12, subdivision (c)(1), and found all of the aggravating factors to be true. The court additionally granted the People's motion to dismiss the remaining enhancements.

On December 13, 2023, Williams appeared for sentencing. The trial court denied Williams's *Romero*[6] motion to dismiss his prior strike offense, and sentenced Williams to the midterm of four years in prison for felony assault by a state prisoner (count one), doubled to eight years based on Williams's prior strike conviction. The trial court further ordered that Williams's sentence be served consecutively to any other sentence he was currently serving in prison and awarded him zero custody credits.

Williams timely appealed.

## II. DISCUSSION

### A. *Marsden Proceedings*

Williams contends that the trial court erred by failing to hold *Marsden* hearings in response to three separate requests he made to substitute his counsel on April 2, 2021, July 16, 2021, and April 19, 2023. Williams argues that he expressed concerns about his

---

[6] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

4

representation to the court on numerous occasions over the span of several years, but the trial court failed to hold *Marsden* hearings which would afford him the opportunity to fully explain why he was dissatisfied with his current counsel. Williams further claims that this constituted prejudicial error requiring reversal because the failure to hold the *Marsden* hearings deprived him of effective assistance of counsel and a fair trial.

### 1. Relevant Procedural Background

#### a. April 2, 2021 proceedings

On February 26, 2021, Williams wrote a letter to the court and requested an update on the status of his case. In the letter, Williams indicated, among other items, that he: (1) had not yet heard from his appointed public defender; (2) believed his case should be "dropped" because it involved mutual combat; and (3) was requesting a "state-appointed lawyer."

On April 2, 2021, the court held a hearing in response to Williams's letter. At the hearing, where Williams appeared virtually, Williams's appointed counsel indicated that he had not been able to speak with Williams because of prison closures due to the COVID-19 pandemic and requested a short continuance to allow him the opportunity to meet with Williams. The trial court informed Williams that the matter would be put over to a new date, due to the issues with prison closures and communication, and indicated it "appreciate[d] [his] letter." In response, Williams asked why his matter was being "pushed over," and requested a state-appointed lawyer instead of a public defender. The trial court responded that Williams did have a court-appointed attorney, who was qualified to represent Williams in his case, and continued the matter to May 21, 2021, for further hearing. When the court informed Williams that his court-appointed attorney would come out to talk to him, Williams asked what he should do if no one came out to

speak to him, to which the court again confirmed that his attorney would be out to talk to him.

### b. July 16, 2021 proceedings

On July 14, 2021, Williams filed a motion to dismiss his case. In his motion, Williams indicated that his court-appointed attorney had not come to see him about the case, even though three years had passed since the case began. Williams therefore asked that his case be dismissed.

On July 16, 2021, the trial court addressed Williams's motion at the conclusion of his preliminary hearing. After holding Williams to answer on the charges filed in the complaint, the court denied Williams's motion to dismiss. Williams then stated that he did not understand why his case kept getting prolonged and indicated that he had never waived time for trial or signed a consent form agreeing to waive time. While the trial court noted Williams's statements for the record, it then indicated that "[t]he minute orders, the prior history of this case speaks for itself" regarding the time waiver.

### c. April 19, 2023 proceedings

On April 19, 2023, the parties appeared for a trial setting conference. After the People and defense counsel confirmed that the matter was to be set for a court trial, Williams asked why he had "not been addressed" throughout the proceeding and that he wanted a jury trial, not a court trial. Williams also stated that he did not want his court-appointed counsel to continue representing him and that he did not agree to any of the proceedings. The matter was continued for further hearing.

At the following proceeding on July 21, 2023, the trial court held a closed *Marsden* hearing at Williams's request and denied his request for new counsel.

### 2. Legal Principles and Standard of Review

A trial court is required to conduct a *Marsden* hearing "when there is at least some clear indication by the defendant, either personally or through counsel, that the defendant wants a substitute attorney." (*People v. Sanchez* (2011) 53 Cal.4th 80, 84 (*Sanchez*).)

6

"[A]t any time during criminal proceedings, if a defendant requests substitute counsel, the trial court is obligated . . . to give the defendant an opportunity to state any grounds for dissatisfaction with the current appointed attorney. [Citation.]" (*Id.* at p. 90, fn. omitted.)

If a defendant seeks new counsel on the basis that his appointed counsel is providing inadequate representation, "the trial court must permit the defendant to explain the basis of his contention and to relate specific instances of inadequate performance. A defendant is entitled to relief if the record clearly shows that the appointed counsel is not providing adequate representation or that defendant and counsel have become embroiled in such an irreconcilable conflict that ineffective representation is likely to result." (*People v. Smith* (2003) 30 Cal.4th 581, 604.)

A trial court's refusal "to afford a defendant an opportunity to set forth the reasons underlying his request for the substitution of appointed counsel constitutes an abuse of discretion by the court." (*People v. Chavez* (1980) 26 Cal.3d 334, 346.) Further, the denial of a defendant's right to a *Marsden* hearing requires reversal unless the error was harmless beyond a reasonable doubt. (*People v. Hill* (2013) 219 Cal.App.4th 646, 653.)

### 3. *Analysis*

#### a. *April 2, 2021 proceedings*

Williams argues that because his February 2021 letter clearly indicated that he wanted a state-appointed lawyer—a request that he repeated again at the April 2021 hearing, the trial court was required to hold a *Marsden* hearing to hear his concerns about his representation yet failed to do so. In making his argument, Williams cites the case of *People v. Armijo* (2017) 10 Cal.App.5th 1171, 1176–1177 (*Armijo*), where the defendant sent two letters to the court requesting that his current public defender be discharged and replaced with a new "state-appointed attorney," but the trial court did not appear to consider the letter or conduct a *Marsden* hearing. Of note, the defendant had been assigned at least three public defenders while his case was pending and he hoped that the "pattern of unwanted [court] continuances" would stop after his current public defender,

7

Logan, had been assigned to represent him.  (*Armijo, supra,* 10 Cal.App.5th at pp. 1176–1177.)  The appellate court found failing to hold a *Marsden* hearing under these circumstances to be reversible error, noting that even though the defendant did not make a formal *Marsden* motion, his letter "unequivocally" stated that he was requesting new counsel, and the trial court was therefore required to hold a hearing.  (*Armijo, supra,* 10 Cal.App.5th at pp. 1180–1181.)

In response, the Attorney General argues that the court effectively conducted the required procedure under *Marsden* by affording Williams the opportunity to state his complaints on the record and addressing his concerns.  The Attorney General notes that at the April 2, 2021 hearing, Williams was allowed to explain why he wanted a "state-appointed lawyer" instead of a public defender, and appeared to accept the court's explanation as to why his current attorney had not been able to speak with him, as well as the court's confirmation that his attorney was state-appointed.  The Attorney General therefore argues that the proceeding constituted the equivalent of a *Marsden* hearing, even though it was not formally labeled as such on the record.

We acknowledge that unlike in *Armijo*, where there was no indication that the trial court even read or considered the defendant's letter, the record here reflects that the trial court reviewed Williams's letter and invited him to express his concerns on the record.  As noted above, the trial court specifically scheduled the April 2, 2021 hearing in response to Williams's February letter, and informed him as such at the outset of the hearing.  However, we do not agree with the Attorney General that this appearance constituted the equivalent of a *Marsden* hearing.  While the trial court acknowledged that it had read Williams's letter and appreciated his concerns, and gave Williams the opportunity to state on the record that he wanted a "state-appointed lawyer" instead of a public defender to prosecute his case, the record does not reflect that all of Williams's concerns regarding his representation, particularly about delays in prosecuting his case, were fully stated and considered by the court.

8

However, assuming that the court's failure to conduct a *Marsden* hearing at the April 2, 2021 proceeding constitutes error, such an error does not require reversal. When, as here, a *Marsden* error occurs prior to the preliminary hearing, reversal is only required if the asserted inadequate representation prejudiced the defendant at trial. (See *People v. Pompa-Ortiz* (1980) 27 Cal.3d 519, 529 [errors occurring at or before the preliminary hearing constitute grounds for reversal only if the defendant demonstrates that the error resulted in denial of a fair trial or otherwise affected the judgment].) In this case, we find, beyond a reasonable doubt, that it did not.

We first note that Williams does not identify how he would have achieved a more favorable result if not for the court's error in failing to hold a hearing but simply argues that reversal is "the only adequate remedy" for such a failure. In addition, the complaints noted by Williams in his letter were the delay in prosecuting his case, his lack of contact with his attorney, and his claim that the case should be dropped as it involved mutual combat. Of these claims, the only one that could have affected the outcome at trial would be a purported failure by counsel to pursue a theory of mutual combat. However, the trial proceedings, particularly Williams's testimony on his own behalf and closing argument, reflected that counsel pursued a theory that Williams did not initiate the fight with the victim and was only acting in self-defense. Accordingly, we conclude beyond a reasonable doubt that the court's failure to conduct a *Marsden* hearing at the April 2, 2021 hearing did not result in any prejudice towards him at trial.

### b. *July 16, 2021 proceedings*

Williams next argues that by raising counsel's failure to meet with him in his motion to dismiss, he was communicating his belief that he was not being adequately represented and therefore triggered his right to a *Marsden* hearing.

We disagree. As noted above, the trial court is only required to hold a *Marsden* hearing once a defendant makes a "clear indication" that he wants new representation. (*Sanchez, supra,* 53 Cal.4th at p. 84.) Such a "clear indication" requires that the

9

defendant " '*asserts directly or by implication* that his counsel's performance has been so inadequate as to deny him his constitutional right to effective counsel.' [Citation.]" (*People v. Leonard* (2000) 78 Cal.App.4th 776, 787.) However, merely expressing discontent with how counsel has handled a case, without expressly stating a desire to substitute new counsel, is insufficient to trigger a *Marsden* inquiry. (See, e.g., *People v. Johnson* (2018) 6 Cal.5th 541 [noting that defendant's complaint in court about counsel were insufficient to require a *Marsden* hearing when he never indicated he wanted new representation]; *People v. Martinez* (2009) 47 Cal.4th 399 [finding that the trial court is under no obligation to independently raise a *Marsden* inquiry when a defendant has not made some indication that he or she wants new counsel].) Here, while Williams may have been expressing displeasure with counsel's failure to visit him, he did not make any indication in his written motion to dismiss that he was requesting new counsel, nor did he make such a representation at the hearing on his motion to dismiss. In summary, because Williams did not make a clear indication in his motion to dismiss that he was requesting new counsel, the trial court was under no obligation to hold a *Marsden* hearing.

### c. April 19, 2023 proceeding

Williams argues that because he clearly expressed his request for new counsel at the April 19, 2023 hearing, the trial court was obligated to conduct a *Marsden* hearing immediately and erred in not doing so. However, Williams makes no mention of the *Marsden* proceeding that was held at the very next hearing on July 21, 2023. Further, Williams cites no authority, nor are we aware of any, that states that a *Marsden* hearing must be held the moment after a defendant makes a formal *Marsden* motion. The record clearly reflects that Williams expressed his concerns with counsel on April 19, 2023, and after he reiterated many of the same concerns at the very next hearing on July 21, 2023, the trial court confirmed that Williams was making a formal *Marsden* motion and held a hearing. Further, on September 26, 2023, immediately prior to the court trial on Williams's case, the court held another *Marsden* hearing which was also denied. As a

result, Williams had two separate opportunities prior to trial to address the concerns he raised at the April 19, 2023 hearing regarding his representation. Accordingly, we find no merit to Williams's claim regarding the April 19, 2023 proceedings.

## B. *Motion to Dismiss*

Williams next argues that the trial court erred in allowing him to litigate his motion to dismiss for speedy trial violations, which he filed *pro se*, without the assistance of his court-appointed counsel. Williams argues that because he was represented, the trial court was required to inquire why counsel was not advocating on his behalf and erred in failing to do so.

### 1. *Relevant Procedural Background*

On June 22, 2023, Williams filed a pro se motion to dismiss his case under section 1382[7], based on the People's alleged failure to bring the matter to trial within 90 days of him filing a section 1381[8] demand for trial in January 2022. In opposition, the People argued that Williams had not demonstrated strict compliance with section 1381, as he had never served a proper demand for trial on the People. The People also argued that because Williams's case had been in a time-waived posture since September 2021, and Williams had requested a number of continuances himself, the statutory time to bring the case to trial had been tolled. In support of this argument, the People provided a detailed history of the case, which set forth the various proceedings that had taken place since 2018, including Williams's time waiver at his arraignment on the complaint, a subsequent time waiver on the information, and numerous continuances at the request of both parties.

---

[7] This section states, in pertinent part, that the trial court shall dismiss an action in a felony case if not brought to trial within a specified period of time, unless the defendant has waived time for trial or set a trial date outside the specified statutory deadlines. (§ 1382, subd. (b).)

[8] This section states, in pertinent part, that a defendant currently serving a sentence in state prison or county jail may demand resolution of a pending case within 90 days or have the pending action dismissed. (§ 1381.)

11

On July 21, 2023, the trial court held a hearing on Williams's motion to dismiss. At the outset of the hearing, Williams indicated that he wanted new counsel but also noted that he had filed a motion to dismiss and should have proceeded to trial a year ago; he therefore did not know why his rights to a speedy trial were being violated. The trial court indicated that it had received and read Williams's motion and the People's opposition and was prepared to rule on the merits. When the trial court asked the People and Williams's counsel if they had any further additions or corrections to their pleadings, both parties submitted the matter without any additional argument. The court then denied the motion on the grounds that there was no indication in the record that Williams had ever made a section 1381 demand in January 2022, as he had claimed, or prior to that date. After ruling on the motion to dismiss, the court held a *Marsden* hearing based on Williams's request for new counsel, which was denied.

### 2. *Applicable Legal Principles*

Various statutes address a defendant's right to be brought to trial within a specified period of time. As relevant here, section 1381 provides that a state prisoner charged with another crime while serving his prison sentence must be tried on the new charge within 90 days after he has delivered to the district attorney a written demand to be brought to trial, unless he consents to a continuance in open court. If, after serving such a demand, the action is not brought to trial within 90 days, the court shall dismiss the case on the defendant's motion. (§ 1381.)

Williams further notes that the case of *People v. Carter* (2024) 15 Cal.5th 1092 (*Carter*), is particularly instructive on a defendant's right to assistance of counsel when presenting a motion to dismiss. In *Carter,* the defendant simultaneously filed a pro se *Marsden* motion and a pro se motion to dismiss for violation of his right to a speed trial as a sexually violent predator (SVP). (*Carter, supra,* 15 Cal.5th at p. 1096.) The trial court first held a *Marsden* hearing, where it concluded that the defendant's counsel had not unduly delayed the trial and had been diligently attempting to push the case forward.

(*Carter, supra,* at p. 1097.)  During the hearing, the trial court asked counsel if she had discussed the defendant's motion to dismiss with him, and while she indicated she had, she stated that she could not ethically pursue the motion as she had not contributed to the delay in getting him to trial.  (*Ibid.*)  The trial court then informed the defendant that if he chose to pursue the motion to dismiss, he would have to do so "on [his] own" and file an additional declaration in support, to which the defendant responded that he could not do so as he was not versed in the law and needed assistance.  (*Id.* at pp. 1097–1098.)  The defendant did not file anything further regarding the motion.  (*Ibid.*)

The California Supreme Court ultimately determined that the trial court abused its discretion in denying the *Marsden* motion because it did not properly consider the motion in the context of the motion to dismiss.  (*Carter, supra,* 15 Cal.5th at pp. 1101–1102.)  In so holding, the court noted that because the delays identified by the defendant in bringing his case to trial were all unrelated to defense counsel's performance, the trial court should have focused on whether there was a conflict of interest that would prevent defense counsel from effectively litigating and pursuing the motion to dismiss.  (*Id* at pp. 1102–1103.)  The California Supreme Court therefore concluded that by failing to make this inquiry, the trial court abused its discretion in denying the *Marsden* motion and erred in denying the defendant the assistance of counsel in deciding whether to pursue his motion to dismiss.  (*Id.* at p. 1103.)  The matter was remanded for the limited purpose of conducting a new *Marsden* hearing to determine if a conflict of interest would prevent appointed defense counsel from litigating the motion to dismiss.  (*Id.* at p. 1104.)

### 3.  Analysis

Williams argues that like *Carter,* the trial court erred in the instant case by failing to inquire into why counsel was not advocating on his behalf in litigating the motion to dismiss.  Williams claims that even though he filed the motion to dismiss pro se, he was entitled to the assistance of counsel in litigating the motion, and the court therefore

should have conducted an inquiry into any potential conflicts of interest that prevented defense counsel from providing such assistance.

We find *Carter* both legally and factually inapposite to the case at hand. Unlike *Carter,* where defense counsel affirmatively stated during the *Marsden* hearing that she would be unable to ethically litigate the motion to dismiss, Williams's counsel made no such representation or any indication that he was somehow unable or unwilling to litigate the motion to dismiss on Williams's behalf. While counsel did not present any further argument on the motion and submitted on the matter, Williams provides no cognizable legal authority or argument to support his claim that counsel's choice to submit the matter constituted him failing to litigate the motion or advocate on Williams's behalf. (See *People ex rel. Reisig v. Acuna* (2017) 9 Cal.App.5th 1, 25 [" 'It is the appellant's responsibility to support claims of error with citation and authority' "].) Accordingly, absent any authority or indication in the record that counsel failed to litigate the motion to dismiss on Williams's behalf, we find no error.

### III.    DISPOSITION

The judgment is affirmed.

_____

                          Wilson, J.


WE CONCUR:




_____

          Danner, Acting P. J.






_____

          Rodriguez, J.*




_People v. Williams_
H051663

_____

          * Judge of the San Diego County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6 of the California Constitution